Hossain v. Yates

BIA
Christensen, IJ
A201 291 732

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of January, two thousand seventeen.

PRESENT:
      DENNIS JACOBS,
      PIERRE N. LEVAL,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

AMIR HOSSAIN,
     *Petitioner,*

     v.                15-729
                         NAC

SALLY Q. YATES, ACTING UNITED STATES ATTORNEY GENERAL,
     *Respondent\*.*

_____

**FOR PETITIONER:**       Salim Sheikh, New York, N.Y.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Lauren E. Fascett, Trial Attorney; Abigail E. Leach, Law Clerk, Office of

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amir Hossain, a native and citizen of Bangladesh, seeks review of a February 18, 2015, decision of the BIA, affirming a January 9, 2013, decision of an Immigration Judge ("IJ") denying Hossain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amir Hossain,* No. A201 291 732 (B.I.A. Feb. 18, 2015), *aff'g* No. A201 291 732 (Immig. Ct. N.Y. City Jan. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor,

2

or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that Hossain was not credible.

The agency reasonably relied on inconsistencies between Hossain's testimony and his border patrol interview. We "exercise[s] caution" when reviewing border patrol interview statements "because such interviews *may* be perceived . . . as coercive or threatening . . . [and] aliens may not be *entirely forthcoming* in the initial interview." *See Yun-Zui Guan,* 432 F.3d at 396 (internal quotation marks and citations omitted). The agency may nevertheless rely on border patrol interview

3

statements when assessing credibility if the interview record "bears hallmarks of accuracy and reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009) (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004)).  As the agency observed, those hallmarks were present here: a Bengali interpreter was used; the interviewer asked whether Hossain "fear[ed] that [he] will be persecuted or tortured" if returned to Bangladesh (that is, questions designed to elicit an asylum and CAT claim); the questions and answers were memorialized in a typewritten document; and at no point during the interview did Hossain seem to have difficulty answering the interviewer's questions.

Because the record of the interview is reliable, the agency was entitled to consider inconsistencies among Hossain's border patrol interview statements in assessing his credibility.  *See Ramsameachire*, 357 F.3d at 179-80.  The inconsistencies arising from those statements, moreover, were a proper basis for the adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 166-67.  In his border patrol interview, Hossain answered "no" when asked if he feared persecution if sent back to Bangladesh and explained that his purpose for coming to the United States was "to live and work."  Two weeks later at his credible fear interview, however, he stated that he left

4

Bangladesh because of political persecution and he feared that he would be killed if returned. Hossain reiterated his claims of past persecution and fear of returning to Bangladesh in his application and testimony. The agency did not err in rejecting Hossain's various explanations, which did not resolve the inconsistencies and only created further discrepancies. *See Majidi*, 430 F.3d at 80; *Ming Zhang*, 585 F.3d at 725.

The credibility determination was also properly based on inconsistencies regarding whether the author of a supporting letter was Hossain's brother. *See Xiu Xia Lin*, 534 F.3d at 166-67. The author, a Connecticut resident, stated in his letter that Hossain is his "close friend" and "is like a younger brother to [him]." However, Hossain testified that the author was his biological brother, and he stated in his application that the author had been directly involved with his political party. The agency was not required to credit Hossain's explanations, and the inconsistencies reasonably called into question whether his description of his family in Bangladesh and claims of past persecution were fabricated. *See Majidi*, 430 F.3d at 80; *Xiu Xia Lin*, 534 F.3d at 166-67.

Having properly questioned Hossain's credibility, the agency reasonably relied further on his failure to provide sufficient corroborating evidence. *See Biao Yang v. Gonzales*,

5

496 F.3d 268, 273 (2d Cir. 2007). Hossain provided no contemporaneous medical records or documentation to corroborate that his store of seven years was destroyed in Bangladesh, or even that he owned a store. He also gave increasingly inconsistent explanations as to how he lost his medical records in Mexico.

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk